```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

      Plaintiff,

v.                                    Case No. 8:20-cv-01890-VMC-TGW

DALE TENHULZEN and LIVE
WEALTHY INSTITUTE, LLC

      Defendants.
_____/

**<u>ORDER</u>**

This matter comes before the Court pursuant to Plaintiff United States Securities and Exchange Commission's unopposed Motion for Entry of Final Judgment Against Defendants. The Securities and Exchange Commission having filed a Complaint and Defendants Dale Tenhulzen ("Tenhulzen") and Live Wealthy Institute ("LWI") (collectively "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of

law; and waived any right to appeal from this Judgment:

### I.   Incorporation of Judgment

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Court's Judgments as to Tenhulzen and LWI entered on August 19, 2020 (DE 5 and 6) are hereby adopted and incorporated by reference with the same force and effect as if fully set forth herein, and that Tenhulzen and LWI shall comply with all of the undertakings and agreements set forth therein.

### II.  Disgorgement, Prejudgment Interest and Civil Penalty

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Tenhulzen and LWI are liable for disgorgement of $621,501, jointly and severally, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $88,339, and a civil penalty in the amount of $100,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendants shall satisfy this obligation by paying $809,840 to the Court-appointed Receiver within 30 days after entry of this Final Judgment.

Defendants shall simultaneously transmit photocopies of

evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Receiver shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission or the Court-appointed Receiver may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section

308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty

and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

### III. Incorporation of Consent

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consents are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

### IV.   Bankruptcy Nondischargeability

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in

connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

**V.   Retention of Jurisdiction**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

**VI.   Rule 54(b) Certification**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 5th day of September, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE